Joseph N. Froehlich (044 921 996)
LOCKE LORD LLP
Brookfield Place
200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
Jfroehlich@lockelord.com
*Attorney for Defendant*
*Rushmore Loan Management Services, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| On Behalf of Plaintiff and those similarly situated<br><br>JENNIFER DEROGATIS, each individually and on behalf of all others similarly situated<br><br>                    Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC,<br><br>                    Defendant. | Civil Action No.: MER-L-002585-21<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, and 1446** |

**TO:**   Clerk of Court
United States District Court for the District of New Jersey

**WITH NOTICE TO:**
Javier L. Merino, Esq. (NJ Atty. ID # 078112014)
Andrew R. Wolf, Esq. (NJ Atty ID # 018621995)
The Dann Law Firm, PC
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ 08902
Javier L. Moreno Telephone: (216) 373-0539
Andrew R. Wolf (732) 545-9292
Facsimile: (216) 373-0536
jmerino@dannlaw.com
awolf@dannlaw.com

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Defendant, Rushmore Loan Management Services, Inc., ("Defendant"), hereby removes to this action brought by Plaintiff, Jennifer Derogatis, and those similarly situated, currently pending in the Mercer County Superior Court of New Jersey pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, for the reasons described more fully below.

## THE STATE COURT ACTION

1. Plaintiff, Jennifer Derogatis, ("Plaintiff") initiated this case by filing a class action complaint in the Superior Court of New Jersey, Civil Division, Mercer County. This action has been pending in state court as Case No. MER-L-002585-21 (the "State Court Action").

2. The Class Action Complaint filed in the State Court Action (the "Complaint") alleges that Plaintiff is a borrower who executed a residential mortgage. (Complaint ("Compl.") ¶ 26). Plaintiff also claims that Rushmore is a servicer of residential loans that serviced Plaintiff's loan. (Id. ¶ 29).

3. Plaintiff's Complaint brings five counts against Rushmore. Plaintiff's First Count alleges a violation of the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. §2201(a). (Id. ¶¶ 55-61). Plaintiff's Second Count alleges breach of contract for the "impos[ition] of Late Fees post acceleration against Plaintiff and Class". (Id. ¶¶ 62-67). Plaintiff's Third Count alleges a violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§ 1692e and 1692f. (Id. ¶¶ 68-79). Plaintiff's Fourth Count alleges a claim pursuant to the New Jersey Declaratory Judgment statute (N.J.S.A. §§ 2A:16-50. (Id. ¶¶ 80-92). Plaintiff's Fifth Count alleges Violations of the New Jersey Consumer Fraud Act ("NJCFA") under § 56:8-2. (Id. ¶¶ 93-61).

4. Plaintiff's Complaint alleges, in essence, that Rushmore violated the FDCPA by charging late fees after Plaintiff defaulted and Rushmore accelerated Plaintiff's loan. (Id.)

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

5.  Plaintiff served a summons and complaint on Rushmore on December 8, 2021. Removal is timely because Rushmore filed this notice within 30 days of being first served with a copy of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal deadline is triggered by formal service of process).

6.  For removal purposes, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Civil Division, Mercer County where Plaintiff filed the State Court Action.

7.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Rushmore in the State Court Action are attached hereto as Exhibit 1 (Summons and Complaint).

8.  There are no other Defendants besides Rushmore, and thus the consent of other defendants is not required. 28 U.S.C. § 1446(b)(2)(A).

## SUBJECT MATTER JURISDICTION EXISTS

9.  The State Court Action is a civil action within this Court's original jurisdiction under 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11. The State Court Action is thus within the Court's original jurisdiction and is properly removable to this Court because Plaintiff's Complaint asserts a claim under the FDCPA.

12. Federal courts routinely deny motions to remand lawsuits asserting FDCPA claims. *See Keyes v. Nationstar Mortg., LLC*, No. 2020 WL 6111036, at *3 (D.N.J. Oct. 16, 2020), *reconsideration denied*, 2021 WL 2651946 (D.N.J. June 28, 2021)(denying motion to remand because complaint asserted a claim under the FDCPA); *Trento v. Flagstar Bank, FSB*, No. 2018 WL 4110956, at *3 (D.N.J. Aug. 29, 2018). It is also proper for this Court to hear a claim involving a federal question. *See Maraldo v. Bureaus, Inc.*, No, 2018 WL 2754072, at *2 (D.N.J. June 8, 2018); *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) ("[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law"). *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). It follows that federal question jurisdiction exists over the State Court Action.

## ALL ADDITIONAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13. Rushmore will promptly file a copy of this notice of removal with the Mercer County Superior Court of New Jersey where the State Court Action is currently pending, and will provide all parties with written notice of the filing of this notice of removal, as required by 28 U.S.C. § 1446(d).

14. Rushmore has paid all fees required for this notice of removal.

15. All other requirements for removal and for federal jurisdiction have been satisfied.

16. By filing this notice of removal and the associated attachments, Rushmore does not waive any objections it may have regarding service, personal jurisdiction, failure to state a claim, or any other claims, defenses, or objections available to it in this action.

17. Furthermore, Rushmore intends no admission of fact, law, or liability by this notice and expressly reserves all defenses, motions, and pleas.

18. If any questions arise as to the adequacy or propriety of the removal of this action, Rushmore requests the opportunity to supplement this notice with additional evidence and/or to brief any disputed issues and present oral argument in support of this removal.

19. WHEREFORE, Rushmore prays that the Court exercise jurisdiction over this action as allowed by law and for such other and further relief as the Court deems just and necessary. Rushmore is removing subject to, and without waiving any defense or objection it may have to venue or the Court's ability to exercise personal jurisdiction over it.

Date:  January 5, 2022

By:   /s/ *Joseph N. Froehlich*
Joseph N. Froehlich (044 921 996)
LOCKE LORD LLP
Brookfield Place
200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
Jfroehlich@lockelord.com
*Attorney for Defendant*
*Rushmore Loan Management Services, Inc.*